## Commonwealth v. Johnson, Appellant.

*Courts—Judges—Assignment of judges from other districts— Act of April 27, 1911, P. L. 101—Criminal law—Murder.*

1. Under the Act of April 27, 1911, P. L. 101, judges who have been summoned from other counties to "specially preside" in Philadelphia county, in accordance with a request of a Court of Common Pleas of Philadelphia County, may preside at a murder trial in a Court of Oyer and Terminer, and may sit in banc in such court to pass upon a motion for a new trial in a murder case.

2. The words "detail one or more of their judges" used in Section 8, Art. V, of the Constitution includes judges called in from other districts to specially preside.

3. When a judge from another district has been assigned to a Court of Common Pleas of Philadelphia County, he is to all intents and purposes one of the judges of that county for the term in which he is specially presiding.

4. Nothing less than an imperative case will justify the courts in disregarding an act of the legislature at the expense of throwing open the jails and turning loose upon the community the malefactors convicted in a course of years.

Mr. JUSTICE BROWN and MR. JUSTICE STEWART, dissent.

Argued March 18, 1912.    Appeal, No. 93, Jan. T., 1912, by defendant, from judgment of O. & T., Phila. Co., Sept. T., 1911, No. 568, in verdict of guilty of murder of the first degree in case of Commonwealth v. Arnie Johnson.    Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Indictment for murder.    Before STEWART, P. J., specially presiding.

At the trial the jury returned a verdict of guilty of murder of the first degree, upon which sentence was passed.    Defendant appealed.

*Errors assigned* were as follows:

1. That no court of criminal jurisdiction was legally constituted in the trial, conviction and sentence of the said Arnie Johnson.

2. That the detail, by a majority of the judges of the Court of Common Pleas No. 1, of Philadelphia County, of Hon. Russell C. Stewart, commissioned as a judge of the third judicial district, comprising Northampton county, to hold a court of Oyer and Terminer in Philadelphia county, comprising the first judicial district, was in violation of Article V, Section 8, of the Constitution of Pennsylvania, which provides as follows:

"The said courts in the counties of Philadelphia and Allegheny, respectively, shall, from time to time, in turn, detail one or more of their Judges to hold the Courts of Oyer and Terminer and the Courts of Quarter Sessions of the Peace of said Counties, in such manner as may be directed by law."

3. The Hon. Russell C. Stewart, not holding a commission for the first judicial district, it was contrary to the provisions of the Constitution of Pennsylvania to detail him to hold a court of Oyer and Terminer in the county of Philadelphia.

4. The Hon. Russell C. Stewart could not legally preside at the trial and impose sentence upon the prisoner, Arnie Johnson, in the court of Oyer and Terminer of the county of Philadelphia.

5. The Hon. Russell C. Stewart and the Hon. Horace Heydt, not being commissioned as judges for the county of Philadelphia, did not, with the Hon. W. Wilkins Carr, legally constitute a court to hear and pass upon the motion made upon behalf of the prisoner for a new trial.

6. The learned court erred in imposing the sentence.

*Charles B. Joy,* with him *John C. Hinckley,* for appellant.—The presiding judge was not qualified: Kensington & Oxford Turnpike Road Co., 12 Phila. 611; Myers v. Com., 79 Pa. 308; Com. v. Bell, 4 Pa. Superior Ct. 187; Com. v. Dunlevy, 16 Pa. Superior Ct. 380; Com. v. Scouton, 20 Pa. Superior Ct. 503; Quay's Petition, 189 Pa. 517; Campbell v. Com., 96 Pa. 344; Morgan v. Reel, 213 Pa. 81; Com. v. Collom, 1 Pa. Superior Ct. 542.

*Joseph P. Rogers,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee, cited: President Judges of the Eighth and Tenth Districts Application, 64 Pa. 33; Kilpatrick v. Com., 31 Pa. 198; Morgan v. Reel, 213 Pa. 81.

OPINION BY MR. JUSTICE ELKIN, May 13, 1912:

The question for decision here is within narrow limits. The defendant, after a fair trial in the court below, was convicted of murder of the first degree and sentenced to death. His contentions here are; that the trial judge had no constitutional right to preside in the Court of Oyer and Terminer of Philadelphia County; that the court in banc which passed on his case was not constituted as the constitution requires; and that the entire proceedings are void because coram non judice. Judge STEWART of the third judicial district, comprising the county of Northampton, presided at the trial; and the trial judge with Judge HEYDT of the fifty-sixth judicial district, and Judge CARR of the first district, sat as a court in banc to pass upon the motion for a new trial. The judges from other districts were assigned in strict compliance with the provisions of the Act of April 27, 1911, P. L. 101. A majority of the judges of Court of Common Pleas No. 1 of Philadelphia County, being of the opinion that it was necessary for the purpose of expediting the business of that court, transmitted a request in writing to the prothonotary of the Supreme Court, asking that Judge STEWART be assigned to specially preside in their court, and he responded to the call by reporting for duty.

It should be observed that the act requires the responding judge to be assigned "to specially preside in the district from which the call has come, for the purpose of transacting the business thereof," and in the discharge of his duties when so assigned he shall have "the same power and authority as vested in the judge or judges of said district." The act deals solely and alone with law judges of the courts of common pleas and does not mention courts of quarter sessions or of oyer and terminer. The call must be made by a law judge, or law judges, as the case may be, of the court of common pleas, and it must be responded to by a law judge of the court

of common pleas in another district. When the responding judge reports for duty in the district to which he is assigned, he is clothed with all the powers of a common pleas judge in the court to which he is called. It is so provided in the Act of 1911, but independently of the act, this has been the settled law of the Commonwealth for more than fifty years. When, therefore, Judge STEWART responded to the call it was as a law judge of another district to sit in Court of Common Pleas No. 1, of Philadelphia County. He was then detailed to preside as a trial judge in the court of oyer and terminer in which defendant was tried. Prior to the adoption of the new Constitution, it had been decided by the Supreme Court that a judge called in from another district to preside in the court of common pleas in the district to which he was called, has jurisdiction and authority to hear and try all causes pending at that term in any of the courts, civil or criminal, including capital and other felonies: President Judges of the Eighth and Tenth Districts Application, 64 Pa. 33. To the same effect are: Com. v. Zephon, 8 W. & S. 382; Pennsylvania Hall, 5 Pa. 204; Kilpatrick v. Com., 31 Pa. 198. The only question that can arise here is whether this settled practice under the law as decided in these cases has been altered or changed by our present constitution. It is strongly urged that section eight of article five has this effect. It is as follows: "The said courts in the counties of Philadelphia and Allegheny, respectively, shall, from time to time, in turn, detail one or more of their judges to hold the courts of oyer and terminer and the courts of quarter sessions of the peace of said counties, in such manner as may be directed by law." It is argued that the phrase "detail one or more of their judges" means one or more of the judges regularly elected, or appointed, to the Common Pleas of Philadelphia County, and that it does not include a judge called in from another district to spe-

cially preside. To give these words such a restricted meaning would be in disregard of the settled practice under the law at the time the new Constitution went into effect and the practice almost universally recognized since that time. No convincing reason has been suggested for thus restricting the meaning of this language. When a judge from another district has been assigned to the Court of Common Pleas of Philadelphia County, he is to all intents and purposes one of the judges of that county for the term in which he is specially presiding. The section of the Constitution in question relating to the assignment of judges to hold the criminal courts provides that the detail is to be made "in such manner as may be directed by law," and the plain inference is that the manner and method of making the detail are the subject of legislative regulation. The Act of 1911 prescribes the manner by which judges from other districts may be called in for the purpose of expediting the business of the courts, and when a judge is so called in he is vested with all the power and authority of a judge in the district to which he is called to preside. One of these powers is to hold the court of oyer and terminer, and the judge called in being vested with the same power must be considered one of their number during the term in which he is so presiding. This construction is neither new nor strained. It is true that we have not been called upon heretofore to construe the particular section of the Constitution relied on by appellant in this case, but the principle underlying all the cases to which reference has been made, and others not cited, sustains the interpretation we now give to these words. If a judge of the Court of Common Pleas of Philadelphia County were called to preside in the Court of Common Pleas of Northampton County, he would be vested with the authority and power to sit as a trial judge in the oyer and terminer of that county. This has long been the settled law of the Commonwealth and it is difficult to see why a judge of Northampton

county, sitting in Philadelphia county, should not be vested with the same power. If the contention of appellant be sustained it will have the effect of making Philadelphia and Allegheny counties exceptions to the rule applicable to every other county of the Commonwealth. It is suggested that section eight of article five of the Constitution makes these counties exceptions, and that the framers of the organic law intended the criminal courts in these counties to be presided over by the judges elected by the people of those districts. We cannot regard this as the proper view to take of this section. In a recent case this court, speaking through Chief Justice MITCHELL, in discussing the question whether judges required to be learned in the law have the power to sit in courts other than those to which they were elected, said: "But the historical view of the constitutional provisions on the subject, and the uniform course of decisions under them have clearly settled the principles we must now apply": Morgan v. Reel, 213 Pa. 81. We there held that the elective clause of the Constitution did not limit the exercise of the power of judges to the courts in which they were elected to preside, but that the legislature could authorize and empower a judge elected to preside in one court to sit in another court. Courts of oyer and terminer and of quarter sessions in Philadelphia county are to be constituted by detailing judges of the common pleas from time to time to hold such courts. The manner of designating judges for this purpose and of making the detail is a regulation entirely within the scope of legislative and judicial control. When a judge from another district is called to preside in the Common Pleas of Philadelphia County, he becomes a judge in that county during the time he is so acting, and may be detailed to hold the court of oyer and terminer in the same manner as a local judge.

The effect of sustaining the contention of appellant would be to open the prison doors for the escape of

criminals convicted in the courts of Philadelphia and Allegheny counties since the adoption of the Constitution, in all cases in which a judge from another district presided at the trial. Nothing but imperative necessity would justify a court in reaching such a conclusion. As was said by Mr. Justice STRONG, in Kilpatrick v. Com., supra: "Nothing less than an imperative case would justify us in disregarding an act of the legislature at the expense of throwing open the jails and turning loose upon the community the malefactors convicted in a course of years." There is no such necessity in the case at bar, and the interpretation we give the constitutional provision relating to Philadelphia and Allegheny counties entirely avoids such a result. It not only avoids such serious consequences, but it is in accord with the trend of all our decisions.

Judgment affirmed, and record remitted for the purpose of having the sentence executed according to law.

BROWN and STEWART, JJ., dissent.